UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND LEON SYKES SR., <br><br> Plaintiff, <br><br> -against- <br><br> VA NY HARBOR HEALTHCARE SYSTEM; THE MARGARET COCHRAN CORGIN VA CAMPUS; HEALTHCARE TECHS EMPLOYEES, <br><br> Defendants. | 25-CV-5276 (LLS) <br><br> ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his federally protected rights. By order dated June 26, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff, who resides in Washington D.C., filed this complaint against the "VA Medical Center" in New York, and two "Health Tech[] Employees" ("Techs"), regarding events occurring in June 2024. (ECF 1 at 5.) He went to the emergency room because he was "in distress and needed help to keep from harming" himself. (*Id.*) After staff observed Plaintiff "for several hours," he voluntarily went to the "psych unit for stabilization for suicidal ideations." (*Id.*) Once there, two female Techs informed Plaintiff that they had to examine him to look for "any physical sores and any weapons." (*Id.*) Plaintiff asked if a man could conduct the exam, but the Techs told him that no male staff member was available. (*Id.*)

Plaintiff "began to become resistant and emotional about allowing the Techs to perform" the exam, and he "struggled with what was next," because he knew that if he did not comply he would not "receive the care that [he] needed." (*Id.*) "Once in the room," the Techs "began to remove" Plaintiff's clothing, and he "submitted," but he remained "h[e]sitant" and experienced "internal distress." (*Id.*) Plaintiff removed his "upper garments" and put them back on once the Techs were done. Then the Techs said that "needed to see everything," and Plaintiff removed his

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

pants, and the Techs "checked for weapons and didn't find" any. (*Id.*) But when Plaintiff tried to put his pants back on, the Techs said that they needed to "examine [his]whole body." (*Id.*) As they "continue[d] their search," Plaintiff "became emotionally challenged," and "began to feel "PTSD" symptoms; he also felt "worthless," "vulnerable", "exposed in a hostage like situation," and "panicky." (*Id.* at 5-6) "For several hours and days after," Plaintiff "struggled . . . with the trauma in [his] mind over and over what they had done to [him], fearing the visioning that they may have shared with others what they saw." (*Id.* at 6.) Plaintiff felt that he had "been abused." (*Id.* at 6.)

Plaintiff alleges that he has suffered "[r]e-curring visions of event threw out [his] life," "PTSD symptoms of anger, emotional pain and shame, distrust of women's intentions when [he is] in a closed room," claustrophobia, and a loss of the "ability to connect with women in a healthy way." (*Id.* at 6.) Plaintiff seeks money damages. (*Id.*)

## DISCUSSION

The Court liberally construes Plaintiff's claims as being asserted against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.[2] The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. 28 U.S.C. § 2675(a); *see Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). Such an administrative claim must be in writing, specify the amount of damages sought, and be

---

[2] In an FTCA case, the only "proper defendant" is the United States. *Holliday v. Augustine*, No. 14-CV-855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

3

filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)). The requirement that claims be presented to the agency for administrative exhaustion is "jurisdictional, [and] cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *see Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015) ("Failure to comply with [presentment] results in dismissal of the suit."). Moreover, "[t]he burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

In the complaint, Plaintiff does not allege any facts suggesting that he exhausted his administrative remedies with any federal agency before commencing this action. Because the requirement to plead exhaustion of administrative remedies under the FTCA is jurisdictional in nature, and because Plaintiff failed to allege that he exhausted his administrative remedies, this Court lacks jurisdiction of Plaintiff's FTCA claim. The Court therefore dismisses Plaintiff's FTCA claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for the reasons set forth in this order, with 30 days' leave to replead his claims under the FTCA and to allege exhaustion.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    April 6, 2026
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.